NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000159
01-JUN-2011
08:09 AM

NO. CAAP-10-0000159

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ASSOCIATION OF APARTMENT OWNERS OF THE PALM VILLAS
AT MAUNA LANI RESORT, by its Board of Directors,
Applicant-Appellee,

v.

SUNSTONE ML, LLC,
Respondent-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P. NO. 10-1-015K)


ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over Respondent-Appellant Sunstone ML LLC's (Appellant), appeal from the Honorable Elizabeth A. Strance's October 25, 2010 "Order Granting Applicant Association of Apartment Owners of the Palm Villas at Mauna Lani Resort, by its Board of Directors' Motion to Compel Mediation and Arbitration Filed on May 21, 2010" (the October 25, 2010 order compelling arbitration) because, under the circumstances of this special proceeding, the October 25, 2010 order compelling arbitration is not yet eligible for appellate review, and Appellant's appeal is premature.

Hawaii Revised Statutes (HRS) § 658A-28(a)(1) (Supp. 2010) authorizes an appeal from an order <u>denying</u> a motion to compel arbitration:

> § 658A-28. Appeals.
>
> (a)  An appeal may be taken from:
>
>> (1) <u>An order denying a motion to compel arbitration</u>;
>>
>> (2) An order granting a motion to stay arbitration;
>>
>> (3) An order confirming or denying confirmation of an award;
>>
>> (4) An order modifying or correcting an award;
>>
>> (5) An order vacating an award without directing a rehearing; or
>>
>> (6) A final judgment entered pursuant to this chapter.
>
> (b)  An appeal under this section shall be taken as from an order or a judgment in a civil action.

HRS § 658A-28 (emphasis added).  However, HRS § 658A-28(a) does not authorize an appeal from an order granting a motion to compel arbitration.  Therefore, the October 25, 2010 order compelling arbitration is not appealable pursuant to HRS § 658A-28(a).

HRS § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals from final judgment, orders, or decrees.  However, appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court."  HRS § 641-1(c).  Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document."  HRCP Rule 58.  Based on HRCP Rule 58, the Supreme Court of Hawai'i holds that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]"  <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).  "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed."  <u>Id.</u> at 120, 869 P.2d at 1339 (footnote omitted).  The circuit court has not yet entered a final separate judgment in this case.

Therefore, the October 25, 2010 order compelling arbitration is not eligible for appellate review under HRS § 641-1(a).

Although exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine) and the collateral order doctrine, the October 25, 2010 order compelling arbitration does not satisfy all of the requirements for appealability under the Forgay doctrine or the collateral order doctrine. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine) and Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine). We note in particular that, under the collateral order doctrine, "[a]n order granting a motion to compel arbitration is final and appealable" under circumstances when such an order "is one of that small category of orders which finally determine claims of right separable from and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Sher v. Cella, 114 Hawai'i 263, 266-67, 160 P.3d 1250, 1253-54 (App. 2007) (citation and internal quotation marks omitted) (emphasis added). In Sher v. Cella, the parties were litigating a "complaint [that] contained six counts: (1) misrepresentation and non-disclosure, (2) breach of contract, (3) breach of duty of good faith and fair dealing, (4) negligence, (5) deceptive trade practices, and (6) unjust enrichment." Id. at 266, 160 P.3d at 1253. Thus, when the circuit court entered an order granting a motion to compel arbitration of these causes of action, we held that, under the collateral order doctrine, the "order granting [the] motion to compel arbitration is final and appealable[.]" Id. at 266-67, 160 P.3d at 1253. However, in contrast to the collateral order compelling arbitration in Sher v. Cella, the October 25, 2010 order compelling arbitration in the instant case is not separable from, and collateral to, the merits of the claim for relief that Applicant-Appellee AOAO Palm Villas

at Mauna Lani Resort sought in initiating the special civil proceeding in S.P. No 10-1-015K. The only claim for relief sought by Applicant-Appellee AOAO Palm Villas at Mauna Lani Resort in S.P. No. 10-1-015K is to compel mediation and arbitration. The October 25, 2010 order compelling arbitration relates directly to the merits of Applicant-Appellee AOAO Palm Villas at Mauna Lani Resort's May 21, 2010 motion to compel mediation and arbitration in S.P. No 10-1-015K. Therefore, the October 25, 2010 order compelling arbitration does not satisfy the second requirement for the collateral order doctrine, namely that the order must resolve an important issue completely separate from, and collateral to, the merits of the action. Accordingly, under the circumstances of the instant case, the October 25, 2010 order compelling arbitration is <u>not</u> appealable under the collateral order doctrine.

Finally, the circuit court has not certified the October 25, 2010 order compelling arbitration for an interlocutory appeal pursuant to HRS § 641-1(b) (1993 & Supp. 2010). Therefore, the October 25, 2010 order compelling arbitration is not appealable pursuant to HRS § 641-1(b).

Under the circumstances of the special civil proceeding in S.P. No 10-1-015K, the October 25, 2010 order compelling arbitration is not appealable until the circuit court enters a separate judgment pursuant to HRCP Rule 58.

Accordingly, IT IS HEREBY ORDERED that Appeal No. CAAP-10-0000159 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 1, 2011.


Chief Judge


Associate Judge


Associate Judge

-4-